**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

DAVID JENKINS,

        Plaintiff,

v.                                                Case No. 3:19-cv-136-J-20JRK

TARGET CORPORATION,
a Foreign Profit corporation,

        Defendant.

## O R D E R

This cause is before the Court on Plaintiff's Motion to Compel Production of Documents (Doc. No. 30; "Motion"), filed June 22, 2020. Defendant responded to the Motion on June 30, 2020. See Defendant's Response in Opposition to Plaintiff's Motion to Compel Production of Documents (Doc. No. 31; "Response"). With leave of Court, see Order (Doc. No. 34), Plaintiff filed a Reply on August 3, 2020, and Defendant filed a Sur-Reply on August 6, 2020. See Plaintiff's Reply to Defendant's Response in Opposition to Plaintiff's Motion to Compel Production of Documents (Doc. No. 40; "Reply"); Defendant's Sur-Reply to Plaintiff's Reply to Defendant's Response in Opposition to Plaintiff's Motion to Compel Production of Documents (Doc. No. 43).

On October 6, 2020, the Court entered an Order (Doc. No. 47) taking the Motion under advisement. Observing that the parties had not engaged in an adequate good faith conferral to resolve the issues raised in the Motion, the Court directed that the parties confer and that Plaintiff file a notice indicating whether the issue had been resolved or otherwise narrowed. See Oct. 6, 2020 Order at 2-3. On October 13, 2020, Plaintiff filed a

Notice Regarding Remaining Discovery Dispute (Doc. No. 48; "Notice"). Upon review, the undersigned finds that the Motion is due to be granted as set out below.

Under Rule 26, Federal Rules of Civil Procedure ("Rule(s)"):

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. 26(b)(1). "[T]he court must limit the frequency or extent of discovery otherwise allowed by these rules if it determines that . . . the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(iii).

By way of background, this case arises out of injuries Plaintiff allegedly sustained when she slipped on a wet wipe on the floor of one of Defendant's stores and fell. Complaint (Doc. No. 1) at 2. At issue here is Plaintiff's Request for Production No. 14 ("Request 14"), which the parties have agreed to modify.

The original version of Request 14, served on January 7, 2019, sought the following:

> A true and correct copy of any and all written complaints or documents showing claims or complaints made as to employees and/or customers falling or slipping on substances on Defendant's premises within the last five (5) years in a manner substantially similar to that alleged in the Complaint.

Motion at 1-2. Defendant objected to Request 14, asserting in relevant part that it was "not limited to a reasonable time period" and was "overly broad in its use of the word 'substances' when the alleged dangerous condition at issue in this case was a blue cart wipe alleged to have been on the floor." Id. at 1-2 (emphasis omitted). In later discussions

with Plaintiff, Defendant also disagreed with Plaintiff as to the geographic scope of the Request. Motion at 5; Response at 5.

According to the Notice, the parties conferred further on the issue and agreed to narrow the geographic scope of Request 14 to twelve of Defendant's stores in Northeast Florida and the temporal scope to three years prior to Plaintiff's alleged accident. Notice at 1. The parties also agreed to narrow the definition of "substances" to "'wipes,' which is understood to include cart wipes and disinfectant wipes," id., "to the exclusion of dry paper products, regardless of their color," Reply at 3. See Notice at 1-2.

The parties, however, disagree as to the meaning of "dry paper products." Notice at 2. Plaintiff argues dry wipes are within the scope of Request 14 because they are excluded from the definition of "dry paper products." Id. Defendant contends dry wipes are "dry paper products" and thus fall outside the scope of Request 14. Id. The issue before the Court is "whether 'dry' wipes shall be included in the scope of Request 14." Id.

Upon due consideration of the parties' arguments and the relevant factors under Rule 26(b)(1), the undersigned finds that complaints and claims involving slips and falls on dry wipes is relevant to Plaintiff's claim and proportional to the needs of the case. Defendant shall thus produce such evidence when responding to Request 14.

Accordingly, it is

**ORDERED**:

Plaintiff's Motion to Compel Production of Documents (Doc. No. 30) is **GRANTED** to the extent that Defendant shall produce, no later than **November 4, 2020**, evidence responsive to the following modified version of Plaintiff's Request for Production No. 14:

  A true and correct copy of any and all written complaints or documents showing claims or complaints made as to employees and/or customers falling or slipping on wet wipes or dry wipes (including wet and dry cart wipes and wet and dry disinfectant wipes, but to the exclusion of other dry paper products), regardless of their color, on Defendant's premises within the three (3) years prior to the accident alleged in the Complaint. This request is limited to the twelve stores previously agreed to by the parties.

  **DONE AND ORDERED** in Jacksonville, Florida on October 15, 2020.

*James R. Klindt*<br>
JAMES R. KLINDT<br>
United States Magistrate Judge

bhc<br>
Copies to:<br>
Counsel of Record